## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** : | |
| : | |
| **ACR MANAGEMENT, L.L.C., et. al.,** : | |
| : | **Bankruptcy No. 04-27848-MBM** |
| Debtors. : | **(Jointly Administered)** |
| .................................................................:................................................................. | |
| **ACR Management, L.L.C., et. al.,** : | **Chapter 11** |
| Movants, : | |
| : | |
| v. : | **Doc. No. 1806, 1380, 1381, 1384 &** |
| : | **2131** |
| **Blaise Alexander, Gerald Freeman,** : | |
| **Reuben Acosta, Rhea Dowling,** : | |
| Respondents. : | |

### MEMORANDUM AND ORDER OF COURT

**AND NOW,** this **26th day** of **August, 2005**, upon consideration of (a) the Ninth Omnibus Objection to Certain Disputed Proofs of Claim, which motion is brought by the instant debtors (hereafter "the Debtors") to object to, *inter alia*, the pre-petition claims of the above-named respondents (hereafter "the Respondents"), coupled with the Debtors' Motion to Estimate Such Claims to be $0.00 for the Purposes of Distribution (Doc. No. 1806), (b) the motions for relief from stay brought by the Respondents so that they may henceforth pursue prosecution of their pre-petition claims in nonbankruptcy forums (Doc. No's. 1380, 1381 & 1384), (c) the parties' briefs devoted to the issue of whether this Court has the subject matter jurisdiction to resolve and/or estimate the Respondents' claims for purposes of distribution, and (d) the Debtors' motion to strike the Respondents' late-filed brief devoted to the aforementioned issue

(Doc. No. 2131);

and subsequent to notice and hearings on the Debtors' motions and the Respondents' stay relief motions,

it is **hereby ORDERED, ADJUDGED, AND DECREED** as follows:

(a)  **This Court**, pursuant to 28 U.S.C. §§ 1334(b), 157(b)(2)(B) and 157(c)(1), **has at least noncore (i.e., "related to"), if not core, subject matter jurisdiction to rule**, *as a matter of law*, as to the validity of (i.e., to allow or disallow as a matter of law) the Respondents' claims, *even for distribution purposes and even if such claims constitute personal injury tort claims*, at any point prior to a trial regarding such claims (i.e., **during the pretrial stage**), see In re UAL Corp., 310 B.R. 373, 383 (Bankr.N.D.Ill. 2004) (resolution of an objection to the legal validity of a personal injury tort claim is a core matter susceptible to disposition by final judgment in a bankruptcy court because such resolution does not constitute the liquidation of such claim, but even if such resolution constitutes claim liquidation, thereby making such resolution a noncore matter pursuant to § 157(b)(2)(B), a bankruptcy court may nevertheless propose a ruling to the district court regarding the legal validity of such claim given that "§ 157(b)(5) ... does not affect pretrial proceedings"); In

    re G-I Holdings, Inc., 323 B.R. 583, 613-616 (Bankr.D.N.J. 2005) (same);[1]

(b) In light of the immediately preceding ruling set forth in paragraph (a) and the discussion set forth in footnote 1 herein, **the Court** sees no need, and thus **declines, to presently rule as to whether Respondents' claims constitute personal injury tort claims** – the Court determines that it need, and thus the Court will, only address whether such claims constitute personal injury tort claims if such claims cannot be resolved during the pretrial stage vis-a-vis each of such claims;

(c) The Respondents' request that this Court **mandatorily abstain** from resolving their claims is **denied with prejudice**.  Such request is denied not only because it is inappropriately made from a procedural standpoint, that is other than by way of the requisite motion called for under 28 U.S.C. § 1334(c)(2), but also on substantive grounds.  In particular, if

---

[1] Expanding on the Court's ruling that precedes the instant footnote, if Respondents' claims do not constitute personal injury tort claims, then this Court, pursuant to § 157(b)(2)(B), would obviously have core subject matter jurisdiction to either allow or disallow such claims, or to estimate or liquidate such claims for distribution purposes.  If such claims constitute personal injury tort claims, then, in accordance with the UAL and G-I Holdings decisions, this Court would have at least noncore, if not core, subject matter jurisdiction to dispose of such claims as a matter of law at the pretrial stage.  Consequently, if Respondents' claims constitute personal injury tort claims, then the only thing that the Court would not have subject matter jurisdiction to do, by virtue of § 157(b)(5), is to resolve such claims by way of a trial.  The Court notes that if such claims constitute personal injury tort claims but such claims are disposed of as a matter of law during the pretrial phase, then it would practically matter not whether such disposition is categorized as a core matter or a noncore matter given that, either way, the review of such disposition by the District Court would be *de novo*.

    Respondents' claims do not constitute personal injury tort claims, or even if they do but such claims can be disposed of as a matter of law during the pretrial phase, then the disposition of such claims constitutes a core matter; the foregoing is significant because this Court may not mandatorily abstain from core matters (i.e., those that arise either under title 11 or in a case under title 11), *see* 28 U.S.C.A. § 1334(c)(2) (West 2004) (mandatory abstention only applies with respect to noncore matters, that is those for which a bankruptcy court's subject matter jurisdiction is of the "related to" variety).  On the other hand, if Respondents' personal injury tort claims constitute personal injury tort claims the disposition of which can only constitute a noncore matter, then mandatory abstention is barred by virtue of the express directive to that effect in 28 U.S.C. § 157(b)(4);

(d)    The Respondents' request that this Court **discretionarily abstain** from resolving their claims, presuming *arguendo* that such request was properly made without a motion, is nevertheless **denied with prejudice**. The Court so rules to the extent that the disposition of such claims constitutes (a) a core matter because the Court will not discretionarily abstain with respect to a core matter, and (b) a noncore matter because (i) such disposition is already presently holding up administration of – in particular, a distribution to unsecured creditors from – the Debtors' bankruptcy estate, and (ii) a trial, if one is necessary, can nevertheless still

potentially be had in the Virgin Islands if the District Court in this district sees fit to transfer adjudication of such claims to such locale subsequent to the pretrial stage, *see* 28 U.S.C.A. § 157(b)(5)(West 1993);

(e) The Respondents' **motions for relief from the automatic stay** (Doc. No's. 1380, 1381 & 1384) are, in light of the foregoing rulings, **DENIED WITH PREJUDICE**;

(f) The Debtors' **objections to, and motion to estimate, Respondents' claims** (Doc. No. 1806) are **CONTINUED** – the Debtors, if they are presently prepared to do so, shall henceforth file dispositive motions regarding such claims;[2] and

(g) The Debtors' motion to strike the Respondents' late-filed brief (Doc. No. 2131) is **DENIED AS MOOT**.

**IN SUMMARY**, (a) the Respondents' motions for relief from the automatic stay (Doc. No's. 1380, 1381 & 1384) are denied with prejudice, (b) the Debtors' objections to, and motion to estimate, Respondents' claims (Doc. No. 1806) are continued, and (c) the Debtors' motion to strike the Respondents' late-filed brief (Doc. No. 2131) is denied as moot.

**BY THE COURT**

---

[2]One such motion has thus far been filed and is scheduled for hearing on September 6, 2005, at 3:00 p.m., namely the Debtors' motion for sanctions wherein the Debtors seek, *inter alia*, the disallowance of Respondents' claims.

/s/
**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

cm: David B. Salzman, Esq.
Kirk B. Burkley, Esq.
Ronald Marmo
Lee J. Rohn, Esq.
Norma Hildenbrand, Esq.
Dolores Innamorato
**(Parties to be served electronically)**